**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | Cr. No. C-01-123 |
| | § | (C.A. No. C-07-210) |
| JOSE LUIS CANTU, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,**
**SET ASIDE OR CORRECT SENTENCE, AND**
**DENYING CERTIFICATE OF APPEALABILITY**

**I.  BACKGROUND**

By Order entered August 22, 2003, the Court denied Jose Luis Cantu's ("Cantu") motion to

vacate, set aside, or correct sentence, which had been filed with the assistance of counsel. (D.E. 141.)

[1] Final judgment was entered on the same date.  (D.E. 142.)  On October 6, 2003, Cantu filed a *pro*

*se* motion titled "Motion to Re-Enter Judgment," which reiterated a number of the claims raised in his

original § 2255 motion, as well as new claims not previously raised before the Court.  In that motion,

he asked the Court to re-enter judgment in his criminal case.  On November 20, 2003, the assigned

Magistrate Judge provided a Memorandum and Recommendation recommending that Cantu's "Motion

to Re-Enter Judgment" be denied for lack of jurisdiction.  (D.E. 146.)   After considering Cantu's

objections (D.E. 147), this Court adopted the Magistrate's reasoning and denied the motion.  (D.E.

148.)

On October 23, 2003 (subsequent to final judgment and prior to resolution of his "Motion to

_____

[1]  Docket entry references are to the criminal case.

1

Re-Enter Judgment"), Castro filed a Notice of Appeal and an application for a certificate of appealability. (D.E. 144, 145).  The request for a COA, like his motion to re-enter judgment, also raised new claims not in his initial § 2255 motion.  The Court denied the request for a COA (D.E. 150), and also denied Cantu's motion for reconsideration of the denial of his COA.  (D.E. 151, 152.)[2] In an order entered June 23, 2004, the Fifth Circuit likewise denied his request for a COA and also his motion to remand.  (D.E. 153.)  In that order, the Fifth Circuit noted that Cantu's COA request raised five issues that were not raised in his initial § 2255 motion, and held that it was without jurisdiction to consider these claims because they were not considered by the district court.  (D.E. 153 at 2.)

On May 7, 2007, almost three years after the Fifth Circuit denied his COA, the Clerk received from Cantu a document titled as a "Supplement" to his original § 2255 motion.  (D.E. 154.)  In it, Cantu argues that his filing is not barred as second or successive because it is "merely a continuation" of his initial § 2255, and because it relates back to his previous filing due to his claim of ineffective assistance of counsel.  (D.E. 154 at 1.)  In his supplement, he reiterates claims he made in his "motion to re-enter judgment."  Specifically, he argues that his appellate counsel, Richard W. Rogers III was ineffective because he convinced Cantu to dismiss his appeal despite the appeal having meritorious issues, and then Rogers filed a § 2255 on Cantu's behalf that raised issues that should have been raised on direct appeal.  Cantu claims that, because Rogers was counsel in his § 2255 proceedings, Rogers did not raise his own ineffectiveness on appeal, thereby effectively insulating the claim from review and ultimately depriving Cantu of his right to a direct appeal.  He also appears to be claiming that

---

[2] As part of the order denying Cantu's motion for reconsideration of its order denying his COA, the Court directly addressed the same claims Cantu now seeks to raise in his "supplement," with the same resolution.  (See D.E. 152.)

Rogers was constitutionally ineffective during the course of Cantu's § 2255 proceedings, as well.

The Court concludes that it is not necessary to order a government response to the § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Cantu's motion is subject to dismissal because one of the claims therein constitutes a second or successive § 2255 motion, and he has not obtained the requisite permission from the Fifth Circuit to file it in this Court. Absent such permission, this Court is without authority to address this claim. His other claim does not entitle him to relief.[3]

## II. DISCUSSION

### A.    Second or Successive § 2255 Motions

In pertinent part, 28 U.S.C. § 2255 provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The Fifth Circuit has explained that a subsequent § 2255 motion is "second or successive" when it:

---

[3]   The motion is also probably barred in its entirety because it was not filed within the applicable statute of limitations. Because the Court denies the motion on other grounds, it does not address the timeliness of Cantu's motion or his entitlement to any type of tolling.

(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or

(2) otherwise constitutes an abuse of the writ.

United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000) (internal citations and quotations omitted).   The Orozco-Ramirez court noted that if the facts underlying a claim occurred before the initial § 2255 motion, and thus could have been raised in the initial motion, a movant is not entitled to assert that claim in a subsequent motion.  211 F.3d at 869.  By contrast, where the facts supporting a claim arise after the filing of the initial § 2255 motion, such a claim may be filed in a subsequent § 2255 motion and will not be considered "second or successive."

Notably, where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Cantu's motion does not indicate that he has sought or obtained such permission.  Until he does so, this Court does not have jurisdiction over any claims that could have been brought in his first § 2255 motion.

Cantu argues that this motion should not be deemed to be a second or successive petition because his first § 2255 motion was filed by counsel Rick Rogers and it was his counsel's own ineffectiveness, both on appeal and in the initial § 22255 proceedings, that he now seeks to challenge.

As to any ineffectiveness of his counsel on appeal, the dismissal of his appeal had occurred prior to the filing of Cantu's initial § 2255 motion, and thus this claim could have been raised in Cantu's initial motion.  Accordingly, that claim falls clearly into the "second or successive" category.

4

It is barred from consideration here because Cantu has not received permission from the Fifth Circuit to file it.

Cantu provides no explanation for his failure to raise this claim in his first § 2255 motion, other than pointing to the fact that the same counsel represented him on both the appeal and the habeas petition and counsel presumably did not want to argue that he himself was deficient during the appeal. Cantu essentially claims that his counsel's ineffectiveness during the § 2255 proceedings constitutes cause and prejudice for his failure to raise the claim of ineffectiveness during the direct appeal.  The Fifth Circuit has squarely held, however, that an error by counsel committed in a post-conviction proceeding, where there is not a constitutional right to counsel, cannot constitute cause.  See Jones v. Johnson, 171 F.3d 270, 277 & n. 23 (5th Cir. 1999) (holding same in context of state habeas proceedings and collecting authority).

As to his claim that he was denied effective assistance of counsel with regard to his collateral proceedings, that claim admittedly could not have been brought in his first § 2255 motion.  Thus, it is not "successive or second."  Nonetheless, that claim does not entitle Cantu to any relief, because it is not a cognizable claim under § 2255.  A criminal defendant has no constitutional right to counsel in proceedings collaterally attacking his sentence.  Pennsylvania v. Finley, 481 U.S. 551 (1987). Thus, even if his counsel had acted deficiently in filing his original § 2255 motion and the deficiency had prejudiced Cantu, those facts would not give rise to a cognizable claim under § 2255.  See id.; Wainwright v. Torna, 102 S. Ct. 1300, 1301 (1982) (no claim of ineffective assistance of counsel will lie where there is no right to counsel); cf. Martinez v. Johnson, 255 F.3d 229 (5th Cir. 2001); Jones v. Johnson, 171 F.3d 270, 277 (5th Cir. 1999) (in state habeas proceedings, "error in a post-conviction application, where there is no constitutional right to counsel" does not establish cause sufficient to overcome procedural default due to failure to raise claim on direct appeal); United States

v. Palomo, 80 F.3d 138, 141 n.5 (5th Cir. 1996) (noting that "the right to effective assistance of counsel is predicated on an underlying right to counsel" and affirming denial of § 2255 motion where defendant claimed that he was denied his right to constitutionally effective counsel during a Rule 35 resentencing, during which there is no Sixth Amendment right to counsel).  Accordingly, Cantu's claim of ineffective assistance in his original § 2255 proceeding fails on its merits.

Cantu also argues that his "supplement" is not a second or successive § 2255 because he alleges his first was "not dismissed with prejudice." (D.E. 154 at 1.)  This claim is belied by the plain record of this case, which shows that his first § 2255 motion was dismissed with prejudice.  (See D.E. 141, 142); see also Quarles v. Jackson, 95 F.3d 1149 (5th Cir. 1996) (where involuntary dismissal is not expressly stated to be without prejudice, it is presumed to be with prejudice) (citing Callip v. Harris County Child Welfare Dept., 757 F.2d 1513, 1519 (5th Cir. 1985)); Fed. R. Civ. P. 41(b) (with exceptions not applicable here, all dismissals function as adjudications upon the merits).  Thus, Cantu's argument that his motion should not be deemed second or successive because his first was dismissed without prejudice fails.

For all of the foregoing reasons, Cantu's § 2255 motion is DISMISSED.  His first claim is second or successive and the second fails on its merits.

**B.      Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Cantu has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a

6

denial of a constitutional right on the issues before that court. Further briefing and   argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Cantu's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Similarly, as to the claim that this Court has addressed on procedural grounds, the Court finds that Cantu cannot establish at least one of the Slack criteria.  Specifically, jurists of reasons would not find debatable this Court's ruling that Cantu's claim of ineffective assistance on direct appeal is barred because it is second or successive.  Accordingly, Cantu is not entitled to a COA as to his claims.

### III.  CONCLUSION

For the foregoing reasons, Cantu's motion pursuant to 28 U.S.C. § 2255 (D.E. 154) is DISMISSED.  Additionally, Cantu is DENIED a Certificate of Appealability.

ORDERED this 15th day of May, 2007.

Janis Graham Jack
United States District Judge