**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| V. | § | Cr. No. C-01-123 |
| | § | |
| JOSE LUIS CANTU, | § | |
|     Defendant-Movant. | § | |

**ORDER DENYING WITHOUT PREJUDICE LETTER MOTION**

On May 19, 2009, the Clerk received from Defendant Jose Luis Cantu ("Cantu") a letter dated May 18, 2009. (D.E. 165.) In it, Cantu states that his "intention ... is to initiate the process to retrieve only personal official documents." (D.E. 165 at 1.) Cantu explains that he believes these documents, which include "car registration titles" and "race horses registration papers," were taken from his home filing cabinet when a search warrant was executed by DEA agents in connection with this criminal case. (D.E. 165 at 1.) The only request he makes of the Court is that he be given a copy of the search warrant and a copy of the inventory of items taken during the search.

The search warrant Cantu seeks is not part of the public court record and has not been docketed in this case. Moreover, the Court does not have a copy of any "inventory" of items seized during the execution of the search warrant. Thus, Cantu's letter motion is denied without prejudice to the extent he seeks the search warrant and inventory of seized items from the Court.

Cantu's brief letter does not indicate whether he has contacted the DEA to obtain the warrant or inventory. If Cantu is unable to obtain these documents directly from the DEA and still seeks the return of property he contends was unlawfully kept, he may file a motion pursuant to Fed. R. Crim. P. 41(g). That Rule permits a person aggrieved by an unlawful search and seizure, or aggrieved by the deprivation of property, to file a motion for return of property. A Rule 41(g) motion filed in a

1

criminal case that has already concluded, as Cantu's has, will be construed as a civil action for return of property. Bailey v. United States, 508 F.3d 736, 738 (5th Cir. 2007); Taylor v. United States, 483 F.3d 385, 387 (5th Cir. 2007); United States v. Clymore, 217 F.3d 370, 373 & n.6 (5th Cir. 2000) (citing Pena v. United States, 122 F.3d 3, 4 n.3 (5th Cir. 1997)).[1]  Such a proceeding is a suit against the United States for property or money, and is civil in nature, invoking the Court's general equity jurisdiction under 28 U.S.C. § 1331. See Bailey, 508 F.3d at 738; Clymore, 217 F.3d at 373 & n.6.

Nowhere does Cantu's letter reference Rule 41(g).  Moreover, he does not ask the Court to order the DEA to return any documents or other items to him.  Rather, he asks only for a list of what was taken, and explains that he is simply trying to initiate the process to obtain the seized documents.  Accordingly, the Court does not construe his letter as a motion pursuant to Rule 41(g), nor as a civil action for return of property.  Cantu is further advised that if he files such a motion, it will be construed as a civil action and he will be required to either pay the appropriate filing fee or submit an application for leave to proceed *in forma pauperis*.  Pena, 122 F.3d at 4.  Additionally, his complaint would be subject to the screening requirements of 28 U.S.C. § 1915A. See id.

ORDERED this 29th day of May, 2009.

_____
Janis Graham Jack
United States District Judge

---

[1] Clymore and Pena both refer to Rule 41(e), Fed. R. Crim. P., but the rule was amended in December 2002, and subsection (e) was relettered as subsection (g) at that time. See Fed. R. Crim. P. 41, Advisory Committee Notes to 2002 Amendments.